UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NATHAN BITNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-3324 |
| | ) | |
| CRAIG H. DEARMOND, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's amended complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File a Second Amended Complaint. (Doc. 12). The motion is granted.

The Court must "screen" Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that the state court in an order of protection proceeding "refused to certify the submitted and pending Bystander Report," and that the clerk of the appellate court "negligently rejected [his] 7-11-24 Motion for Time Extension of the Rule 328 Supporting

Record without any valid authority." Plaintiff alleges that "the circuit court, appellate clerk, and appellate court intentionally treated [him] differently from others similarly situated and with no rational basis." Specifically, Plaintiff alleges that these entities treated him differently from other litigants because he is poor. Plaintiff named Illinois Attorney General Kwame Raoul as the sole defendant.

Plaintiff does not allege how Defendant Raoul was involved in his state court proceedings, and, absent personal involvement, Plaintiff cannot prevail against this defendant in an individual-capacity lawsuit. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Nor can Plaintiff prevail under 42 U.S.C. § 1983 against Defendant Raoul in his official capacity or against the State of Illinois itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under § 1983."). The Court dismissed the circuit and appellate court judges Plaintiff named as defendants in his original complaint because they are entitled to absolute immunity for actions taken in their judicial capacities. (Doc. 10); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Plaintiff cannot prevail against any defendant solely on the basis that they may have violated state law. *Lennon v. City of Carmel*, 865 F.3d 503, 509 (7th Cir. 2017).

Plaintiff did not name Carla Bender, the appellate court clerk, as a defendant in his amended complaint, and he indicates that he has pending litigation against her in state court. The Court identified the issues Plaintiff's state court litigation presented in terms of this case in its Merit Review Order, *see* (Doc. 10 at 3), and, therefore, the Court concludes that Plaintiff has abandoned his claims against this individual in this case.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [12] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's second amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 22nd day of April, 2025.

_s/Sara Darrow_
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
